<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICARDO RODRIGUEZ, | : | |
| Petitioner, | : | Civil Action No. 15-4314 (ES) |
| v. | : | OPINION |
| OSCAR AVILES, | : | |
| Respondent. | : | |

SALAS, DISTRICT JUDGE

I. INTRODUCTION

Petitioner Ricardo Rodriguez ("Petitioner") is currently being detained by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at the Hudson County Correctional Facility in Kearny, New Jersey, pending his removal from the United States. On June 24, 2015, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenges his detention pending removal. (D.E. No. 1, Petition ("Pet.")). For the reasons below, this Court will deny the Petition.

II. BACKGROUND

Petitioner is a native of El Salvador who has resided in the United States for the past fourteen years. (Pet. at 1). On July 10, 2012, Petitioner was convicted of sexual misconduct in New York. (*Id.* at 7). Based on that conviction, on or about July 16, 2014, ICE took custody of Petitioner and detained him. (*Id.*). On January 5, 2015, Petitioner conceded removability and an Immigration Judge ordered Petitioner removed to El Salvador. (*Id.* at 8; Ex. A). On May 13,

2015, Petitioner filed a petition for review of the final order of removal with the Board of Immigration Appeals ("BIA"). (*Rodriguez v. Lynch*, Civil Action No. 15-1577, D.E. No. 1-1 (2d Cir. 2015)). On April 21, 2015, the BIA affirmed the immigration judge's decision. (*Id.* at D.E. Nos. 1-2). On May 14, 2015, Petitioner filed an appeal and a motion for a stay of removal with the Second Circuit, which remains pending. (*Id.* at D.E. No. 15).

In his Petition, Petitioner argues that he should be released because his "post-removal-period detention is unlawful and violates due process." (Pet. at 9). Specifically, Petitioner asserts that he has been detained by ICE for eleven months, five months of which have been "post-removal-period." (*Id.*). Based on the holding of the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner argues that he should be released from detention. (*Id.* at 11-12).

### III. DISCUSSION

#### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973), and because Petitioner asserts that his detention is not statutorily authorized by 8 U.S.C. § 1231. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

## B. Analysis

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings, both before and after issuance of a final order of removal.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest, and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; ...

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

3

> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

"Post-removal-order" detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "An order of removal made by the immigration judge at the conclusion of proceedings ... shall become final ... [u]pon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

4

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Specifically, the Supreme Court determined:

> After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

In this case, Petitioner has an order of removal which became final on April 21, 2015 when the BIA dismissed his appeal. *See* 8 C.F.R. § 1241.1(a). As conceded by Petitioner, § 1231 and the Supreme Court's holding in *Zadvydas* govern the constitutionality of Petitioner's detention. *See* 8 U.S.C. § 1231(a).[1] Under *Zadvydas*, Petitioner's six month period of presumptively

---

[1] The Court notes that Petitioner includes a reference to 8 U.S.C. § 1226(c) as the basis for his "mandatory detention" but he then relies exclusively on 8 U.S.C. § 1231 and *Zadvydas* when arguing for his release. (Pet'r's Br. 9-13). Any arguments based on § 1226 detention are irrelevant to Petitioner because he clearly has a final order of removal and no Court of Appeals has granted a stay of his removal. *See Llorente v. Holder*, No. 11-6940 (DMC), 2012 WL 1191147, at *5 (D.N.J. Apr. 10, 2012) ("although [Petitioner] has filed a petition for review and a motion for a stay which are pending before the Second Circuit, no court

reasonable post-removal-order detention does not expire until October 21, 2015. *Zadvydas*, 533 U.S. at 701. Consequently, the instant petition is premature and must be denied. This denial is without prejudice to the filing of a new § 2241 petition (in a new case) upon the expiration of the six month presumptive period if Petitioner can allege facts, at the time of filing, showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.[2] *Id.*

### III. CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.[3] An appropriate order follows.

---

has granted a stay of removal"); *see also Leslie v. Attorney Gen. of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012) ("...an alien, *subject to and within* a stay of removal, cannot yet be in the 'removal period' for § 1231 purposes") (emphasis added).

[2] Even if the six month presumptive period had expired at the time Petitioner filed his petition, the *Zadvydas* Court emphasized that "[t]his 6–month presumption [ ] does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. Rather, the Supreme Court explained that, to state a claim for habeas relief under § 2241, an alien must provide in the petition good reason to believe that his or her removal is not foreseeable. Here, Petitioner does not provide any facts that indicate his removal is not reasonably foreseeable. He alleges that "due to the fact that [he] has been detained at Hudson County Correctional Facility, he has not been able to attend his biometrics appointment" which is preventing him from obtaining a "final determination from USCIS." (Pet. at 8). However, it is unclear how his detention in Hudson County Correctional Facility would prevent his attendance at any required appointments for removal. Many individuals who are detained by ICE are able to comply with all requirements to obtain their removal papers and this allegation, without more, is not sufficient to support his conclusion that his removal is not reasonably foreseeable. Under these circumstances, *Zadvydas* does not require DHS to respond by showing that removal is foreseeable. *See Zadvydas*, 533 U.S. at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."). *See also Barenboy v. Attorney Gen. of U.S.*, 160 F. App'x 258, 261 n. 2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted); *Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005) ("Under *Zadvydas*, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and [petitioner] has failed to make that showing here.").

[3] In his "Prayer for Relief," Petitioner requests that this Court vacate his 2012 New York state conviction for sexual misconduct. (Pet. at 13). However, Petitioner provides no basis for this Court's authority to take such action. Petitioner is still appealing said conviction in New York state appellate courts and any

Dated: July 14, 2015

Esther Salas, U.S.D.J.

---

challenges can be raised there. Moreover, pursuant to the REAL ID Act, this Court lacks jurisdiction over any claims asserted by Petitioner which seek to challenge his underlying removal order. *See* REAL ID Act, 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act. . . .").

7